<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARIA E. MCARTHUR, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil Action No. 05-5745 (RBK) |
| v. | : | <u>O P I N I O N</u> |
| STATE OF NEW JERSEY, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

> MARIA E. MCARTHUR
> 730 s. State Street, Apt. A
> Vineland, New Jersey  08360
> Petitioner <u>Pro</u> <u>Se</u>

<u>**KUGLER, District Judge:**</u>

Maria E. McArthur filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of the Superior Court of New Jersey, Cumberland County, Family Division.  Having thoroughly reviewed Petitioner's submissions, the Court summarily dismisses the Petition for lack of subject matter jurisdiction, <u>see</u> 28 U.S.C. § 2254 Rule 4, and declines to issue a certificate of appealability, <u>see</u> 28 U.S.C. §§ 2253(c).

**I.  BACKGROUND**

Using a § 2254 form, Petitioner challenges a judgment entered in the Superior Court of New Jersey, Cumberland County, Family Part, on an unspecified date.  Petitioner asserts that Judge John Callahan, a Family Division judge, convicted her of abuse or neglect.  Petitioner asserts that the Appellate Division of the Superior Court of New Jersey affirmed, and the

Supreme Court of New Jersey denied certification. She alleges that she was thereafter involved in a child custody proceeding, which she appealed to the Appellate Division.

The Petition does not specify grounds or the nature of the relief sought. In the section of the form Petition which instructs Petitioner to state every ground on which she claims that she is being held unlawfully, Petitioner wrote "N/A."

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4.

## III. DISCUSSION

A. Jurisdiction

Section 2254(a) of Title 28 of the United States Code provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of

>    a State court only on the ground that he is in custody in violation of
>    the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

      To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petition be "in behalf of a person in custody pursuant to the judgment of a State court," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

      The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91); see also Spencer v. Kemna, 523 U.S. 1 (1998). The petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired. See Maleng, 490 U.S. at 493 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction"); see also Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001); Drakes v. INS, 330 F.3d 600 (3d Cir. 2003); United States v. Thomas, 42 F.3d at 824.

      In this case, the face of the Petition does not indicate that Petitioner was in custody pursuant to the judgment of a state court at the time she filed the Petition. Petitioner provides an address which is an apartment in Vineland, New Jersey, which she asserts that she resides in with

at least one child.  Although Petitioner states that she was "convicted" by a Family judge of "abuse or neglect," nothing in the Petition indicates that a state court judgment restrained Petitioner's liberty's in any way at the time she signed the Petition.  The Court lacks jurisdiction over the Petition because the face of the Petition does not show that Petitioner was "in custody" under the judgment under attack at the time the Petition was filed.[1]

In addition, this Court lacks jurisdiction over the Petition because it does not assert violation of the Constitution or laws or treaties of the United States.  See 28 U.S.C. § 2254(a).  "In conducting habeas review, a federal court is limited to deciding whether a [judgment] violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982).  Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).  As the Petition does not assert violation of federal law, this Court lacks subject matter jurisdiction over the Petition.

---

[1] Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  The essential facts establishing federal jurisdiction must appear on the face of the complaint.  See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936).

B.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for lack of subject matter jurisdiction and denies a certificate of appealability.


                                                    s/Robert B. Kugler
                                                    **ROBERT B. KUGLER, U.S.D.J.**


Dated:    April 17    , 2006